**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5917 |
| Plaintiff - Appellee, | D.C. No. 3:24-cr-00135-BAS-1 Southern District of California, San Diego |
| v. | |
| TROY SHELVIN CANNON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia Bashant, District Judge, Presiding

Submitted July 9, 2026**
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Defendant-Appellant Troy Shelvin Cannon ("Cannon") appeals his conviction of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in admitting prior evidence of Cannon's other acts under Fed. R. Evid. 404(b) or 403. But even if it did, any resulting error was harmless. The district court instructed the jury of the evidence's limited use; the government did not refer to the evidence in its closing argument; and the evidence was an insignificant part of the government's case. *See, e.g.*, *United States v. Holler*, 411 F.3d 1061, 1067 (9th Cir. 2005) (concluding that error in admitting other act evidence was harmless based on limiting instruction and abundance of evidence against defendant), *overruled in part on other grounds by United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007) (en banc); *United States v. Arambula-Ruiz*, 987 F.2d 599, 605 (9th Cir. 1993) (concluding that error in admitting other act evidence was harmless because judge gave limiting instruction and government made no reference to the evidence in closing arguments).

Cannon's reliance on *United States v. Curtin* is unavailing. *United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) (en banc). Because the government provided the district court a detailed description of the contents of the audio recording before the district court ruled on its admissibility, "the district court's review allowed it to

appreciate fully and to weigh accurately the challenged evidence's probative value and its potential for unfair prejudice." *United States v. Major*, 676 F.3d 803, 809 (9th Cir. 2012) (distinguishing *Curtin* where defendant did "not argue that the district court failed to understand the full scope of the *challenged* evidence"). And for the reasons already discussed, Cannon has not shown that the district court's failure to review the audio recording related to his other act evidence affected the outcome of the proceedings.

2. The district court did not abuse its discretion in excluding J.B.'s hearsay statement under Rule 804(b)(3). This hearsay exception requires that the declarant be unavailable. *United States v. Paguio*, 114 F.3d 928, 932 (9th Cir. 1997). Cannon has not shown that he was unable to compel J.B.'s attendance or that he engaged in reasonable means to procure her attendance or testimony. Rule 804(a)(5). Moreover, Cannon's contention that, had J.B. been subpoenaed, she would have invoked her Fifth Amendment privilege against self-incrimination, is unavailing because it is based on mere speculation. *See United States v. Oropeza*, 564 F.2d 316, 325 n.8 (9th Cir. 1977) ("Because [Rule 804's exceptions] require[] a finding of unavailability, an express claim of privilege and a ruling thereon should be made."). And Cannon "cannot transform the exclusion of this evidence into constitutional error by arguing

that he was deprived of his right to present a defense." *United States v. Perkins*, 937 F.2d 1397, 1401 (9th Cir. 1991).[1]

3.  The district court did not abuse its discretion when it responded to the jury's questions. The response relied on the plain language of the statute and reflected an accurate statement of this court's precedent. 18 U.S.C. § 1591(a); *United States v. Backman*, 817 F.3d 662, 666 (9th Cir. 2016). When read in context, we are satisfied that the contested language did not tend to leave an erroneous impression in the minds of the jurors.

4.  The government offered sufficient evidence for a rational trier of fact to find the essential elements of § 1591(a). A challenge to the sufficiency of the evidence requires "a court of appeals to determine whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Cannon contends that the government's evidence did not rise

---

[1]Cannon also relies on the cumulative error doctrine. Under these circumstances, however, the doctrine is inapplicable. *See United States v. Fernandez*, 388 F.3d 1199, 1256 (9th Cir. 2004) (concluding that cumulative error doctrine was inapplicable where "[i]n nearly every instance in which the Appellants claimed error in the proceedings leading to their convictions, we have found that the district court did not err").

- 4 -

to the level of sufficiency as did the evidence in *United States v. Chang Da Liu*, 538 F.3d 1078 (9th Cir. 2008), and *Backman*, 817 F.3d 662.  His reliance on these cases is misplaced.  Both involved very different circumstances from those presented here, and neither case suggested that its facts were necessary to support a conviction under § 1591(a).  *See Chang Da Liu*, 538 F.3d at 1081-82, 1084-85; *Backman*, 817 F.3d at 664-65, 667-68

Cannon's remaining arguments largely take issue with the inferences the jury drew from the evidence presented about Cannon and J.B.'s relationship.  But we cannot second-guess the jury's reasonable interpretation of the facts in the absence of evidence "so supportive of innocence that no rational trier of fact could find guilt beyond a reasonable doubt." *Nevils*, 598 F.3d at 1169.

**AFFIRMED**.